IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00333-BNB

LAUREN NETTINA,

    Plaintiff,

v.

DEPARTMENT OF JUSTICE (DOJ) AND AFFILIATES,
FEDERAL BUREAU OF INVESTIGATION,
CENTRAL INTELLIGENCE AGENCY,
DEPARTMENT OF DEFENSE,
PENTAGON,
WHITE HOUSE: PRESIDENT BARRACK [sic] OBAMA AND
    FIRST LADY MICHELLE OBAMA,
OFFICE OF INSPECTOR GENERAL,
FEDERAL RESERVE BOARD,
UNITED STATES CONGRESS,
FORMER PRESIDENT GEORGE BUSH JR.,
FORMER FIRST LADY LAURA BUSH,
FORMER WHITE HOUSE CHIEF OF STAFF JOSHUA BOLTEN, and
POLICE AND TROOPER DEPARTMENTS OF THE UNITED STATES,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 12 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL AND TO SHOW CAUSE

Plaintiff, Lauren Nettina, initiated this action by filing *pro se* a complaint pursuant to "402 Congressional Declaration of Purpose Executive Order 12333 U.S. Intelligence Activities," Whistle Blower Protection Act of 1989, and United States constitutional amendments I, IV, V, VIII, XIII, and XIV. *See* complaint at 4-5. She also filed a number of motions.

Ms. Nettina has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to

dismiss *sua sponte* an action at any time if the action is frivolous, malicious or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). A factually frivolous claim is one in which the plaintiff asserts facts that are irrational or wholly incredible. **Denton v. Hernandez**, 504 U.S. 25, 33 (1992).

The Court must construe Ms. Nettina's filings liberally because she is a *pro se* litigant. *See* **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110.

For the reasons stated below, the complaint will be dismissed pursuant to § 1915(e)(2)(B) as factually frivolous.

As background for her case, Ms. Nettina alleges as follows:

> I believe the Department of Justice and affiliates listed above permit *overuse* of <u>virtual</u> technology to access living beings. This is to control information, behavior, physiology, reproduction (DNA cloning), longevity, conduct harassment, conduct punishment through controlled life conditions that act as a virtual court of law, discriminate that defines life destiny, access *intellectual* property to control thought and innovation, conduct investigations that lead to a defamation of character, manage daily operations of living capital to secure the globe with the intent to condition the Federal Reserve when in fact their activity erodes societal values, privacy and precipitates a global recession.

Complaint at 5. She then provides examples of the virtual technology she believes is being utilized by Defendants and of the abusive use of such technology, including to

2

"[i]nsert/force pictures and/or video of dysfunctional pictures in my brain." *Id.* at 6. She provides lurid descriptions of the type of pictures being forced into her brain. Plaintiff's allegations in this case can only be characterized as irrational and wholly incredible and, therefore, factually frivolous. *See* § 1915(e)(2)(B).

In fact, her claims and her presentation of her claims are "text-book examples" of factual frivolity. *See, e.g., **Owens-El v. Pugh**,* 16 Fed. App. 878, 879 (10th Cir. Aug. 1, 2001) (unpublished) (plaintiff's allegations of torture through a mind-control device were dismissed by the district court as factually frivolous, his request to proceed *in forma pauperis* on appeal was denied, and the appeal was dismissed), *cert. denied,* 535 U.S. 1081 (2002). *See also **Fails v. Escambia County Jail**,* No. 08cv415/RV/EMT, 2009 WL 88493 (N.D. Fla. Jan. 12, 2009) (unpublished) (prisoner's allegations that a listening device was implanted into his mouth during a visit to the prison dentist were wholly incredible and factually frivolous, resulting in the dismissal of the complaint as factually frivolous); ***Hiler v. Taylor**,* No. 08-cv-333-slc, 2008 WL 2810171 (W.D. Wis. July 18, 2008) (unpublished) (petitioner's complaint asking respondent to remove neural chips implanted in his body dismissed as factually frivolous); ***Philpott v. Arkansas**,* No. 07CV00161 JLH, 2007 WL 2021824 (E.D. Ark. July 10, 2007) (unpublished) (plaintiff's complaint alleging that an electronic tracking device had been placed on him illegally and was stuck in his ear dismissed as factually frivolous); and ***Hronis v. California Dept. of Corrections**,* CIVS04126GEBDADP, 2005 WL 3481494 (E.D. Calif. Dec. 19, 2005) (unpublished) (complaint alleging unauthorized devices implanted in plaintiff's

3

body during medical procedures dismissed as factually frivolous and for failure to state a claim).

This is the seventh civil action Ms. Nettina has initiated since September 2009. The prior six actions were dismissed for failure to cure by filing a complaint. *See Nettina v. N/A Civil Liberty Violation - Lease Agreement*, No. 09-cv-02134-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. N/A Civil Liberty Violation - Use of Color and Pattern*, No. 09-cv-02135-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. N/A Civil Liberty Violation*, No. 09-cv-02136-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. N/A Civil Liberty Violation - Use of Texture, Contour, Shapes, Symbols & Size*, No. 09-cv-02185-ZLW (D. Colo. Nov. 5, 2009); and *Nettina v. N/A Civil Liberty Violation - Use of the Worldwide Web*, No. 09-cv-02186-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. U.S. Bancorp*, No. 10-cv-00043-ZLW (D. Colo. Feb. 18, 2010).

In the instant action, Ms. Nettina has filed a complaint. However, the claims in the complaint describe scenarios that are "'fantastic or delusional.'" *Denton*, 504 U.S. at 32 (quoting *Neitzke*, 490 U.S. at 328). In Case No. 10-cv-00043-ZLW, Ms. Nettina was warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). The Court also warned her that sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]). The Court informed her that, in order to

comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). The Court further informed her that a pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims without first seeking prior leave of court. *See Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992); *Winslow v. Romer*, 759 F. Supp. 670, 677-78 (D. Colo. 1991); *Colorado ex rel. Colo. Judicial Dep't v. Fleming*, 726 F. Supp. 1216, 1221 (D. Colo. 1989). Lastly, the Court pointed out that a plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. *See Tripati*, 878 F.2d at 354.

The Court finds that the allegations in the complaint are wholly incredible and delusional and, therefore, the complaint and the action must be dismissed as factually frivolous pursuant to § 1915(e)(2)(B). In addition, Ms. Nettina will be ordered to show cause why she should not be enjoined from filing any further actions in this Court without first seeking prior leave of Court. Accordingly, it is

ORDERED that the complaint and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as factually frivolous. It is

FURTHER ORDERED that any pending motions are denied as moot. It is

FURTHER ORDERED that Plaintiff, Lauren Nettina, is ordered to show cause **within twenty (20) days from the date of this order** why she should not be enjoined from initiating any further actions in this Court without first seeking prior leave of Court.

DATED at Denver, Colorado, this 11th day of March, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00333-BNB

Lauren Nettina
4547 Chesnut Ridge Road
Unit 111B
West Amherst, NY 14228

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 3/12/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk